STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

December 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL A. HYLTON,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1094** (BOR Appeal No. 2048515)
                      (Claim No. 2011025588)

**FRONTIER COMMUNICATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michael A. Hylton, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Frontier Communication, by Michael N. Watson and Maureen Kowalski, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a June 25, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 2, 2012, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hylton worked for Frontier Communication. On January 21, 2011, he was involved in a motor vehicle accident. Mr. Hylton was treated at Princeton Community Hospital following the accident and complained that he was having trouble seeing out of his right eye. He was diagnosed with a concussion and an injury to his optical nerve. The claims administrator held his injury compensable for a detached retina of the right eye. Following this decision, Mr. Hylton came under the care of Joe Othman, M.D., who found that he was not disabled because of his vision problems. However, Dr. Othman recommended that Mr. Hylton be evaluated by a retina

1

specialist. Brian D. Ellis, M.D., and Antoni A. Allen, M.D., then evaluated Mr. Hylton and determined that his vision problems did not have an identified organic etiology. Mr. Hylton also was evaluated by Jack E. Riggs, M.D., who had a CT scan taken of his head and neck and an MRI taken of his brain. The CT scan was essentially normal. The MRI revealed no intracranial process except that a signal drop indicated that a hemorrhage had occurred in the past. However, Dr. Riggs believed this condition was not related to Mr. Hylton's compensable injury and had no effect on his vision. On April 2, 2012, the claims administrator closed the claim for temporary total disability benefits. Following this closure, Ghassan Y. Dagher, M.D., evaluated Mr. Hylton and determined that he had fully recovered from his compensable injury. Dr. Dagher further found that Mr. Hylton's continuing complaints of no light perception and blurred vision were scientifically impossible considering there was no afferent pupillary defect in the right eye. Dr. Dagher also found that both optic nerves appeared to be equally healthy and normal. Dr. Ellis then testified by deposition. He stated that there was no optic nerve pathology supporting Mr. Hylton's complaints. Dr. Ellis noted that the MRI revealed a small hemorrhage, but he did not believe this affected Mr. Hylton's vision. Dr. Riggs also testified by deposition that there was no organic explanation for Mr. Hylton's vision problems. On June 25, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 23, 2013, leading Mr. Hylton to appeal.

The Office of Judges concluded that Mr. Hylton had reached his maximum degree of medical improvement at the time the claims administrator closed his claim for temporary total disability benefits. In reaching this determination, the Office of Judges relied on the opinion of Dr. Dagher. The Office of Judges further determined that Dr. Dagher's opinion was supported by the opinions of Dr. Ellis and Dr. Riggs, who both found no evidence of an organic cause of Mr. Hylton's vision complaints. The Office of Judges found that there was no medical evidence supporting Mr. Hylton's claim that he had blurred vision in his right eye related to the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hylton has not presented sufficient evidence demonstrating that he continues to be temporarily and totally disabled as a result of his compensable injury. The evidence in the record shows that he is not entitled to any additional temporary total disability benefits. The report of Dr. Dagher shows that Mr. Hylton has fully recovered from the detached retina in his right eye. Although Mr. Hylton continues to complain of vision problems, there is no medical evidence supporting his complaints. The opinions of Dr. Dagher, Dr. Ellis, and Dr. Riggs consistently show that Mr. Hylton has recovered from his compensable injury and that there is no organic basis for his complaints. Mr. Hylton's continuing complaints are not sufficient to justify additional temporary total disability benefits in light of the objective medical evidence in the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II